UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KEVIN A. McCARTHY and CAROL K. McCARTHY,

      Plaintiffs,

v.

Case No. 1:13-CV-975

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee MORGAN STANLEY ABS CAPITAL 1 INC. 2004-NC8; MORGAN STANLEY ABS CAPITAL I INC.; CHASE MANHATTAN MORTGAGE CORPORATION; COUNTRYWIDE HOME LOANS SERVICING LP; NEW CENTURY MORTGAGE CORPORATION; NC CAPITAL CORPORATION; DEUTSCHE BANK NATIONAL TRUST COMPANY; AMERICAN EQUITY MORTGAGE, INC.; BANK OF AMERICA, N.A.; BANK OF AMERICA HOME LOANS; SELECT PORTFOLIO SERVICING, INC. and UNKNOWN POSSIBLE PARTY CLAIMANTS, jointly and severally,

HON. GORDON J. QUIST

      Defendants.
_____/

## **OPINION**

Plaintiffs, Kevin A. McCarthy and Carol K. McCarthy, filed a complaint in the Newaygo County Circuit Court against Deutsche Bank National Trust Company (Deutsche Bank), as Trustee for Morgan Stanley ABS Capital I Inc. 2004-NC8, and others, alleging various state-law claims arising out of the foreclosure of a mortgage on their residence. Thereafter, Defendants timely removed the case to this Court on the basis of diversity jurisdiction.[1]

---

[1] Initially, Plaintiffs filed their complaint pro se in the state court. (Dkt. # 1-1.) The state court dismissed the complaint on June 4, 2013 for lack of service. (Dkt. # 8-1 at Page ID 183.) Plaintiffs later retained counsel, and on September 3, 2013, the parties entered into a stipulation that reinstated the case and gave Plaintiffs twenty-one days to amend their complaint and Defendants thirty days thereafter to file a responsive pleading. (*Id.*) Defendants removed the case two days later, on September 5, 2013. Following removal, the parties stipulated twice to extend the time for Plaintiffs to amend their complaint and for Defendants to file a responsive pleading. (Dkt. ## 10, 12.) The last deadline for Plaintiffs to amend their complaint was November 8, 2013. (Dkt. # 12.) Plaintiffs failed to amend by that date or to seek a further extension of time.

Defendants have now moved for dismissal of all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiffs failed to respond to the motion within the time provided by local rule 7.2(c). *See* W.D. Mich. LCivR 7.2(c). For the reasons set forth below, the Court will grant Defendants' motion and dismiss the complaint with prejudice.

## I. BACKGROUND

The following facts are based on the allegations in the complaint, the documents attached to the complaint, matters of public record, and exhibits attached to Defendants' motion that are referred to in the complaint.[2]

Plaintiffs obtained a loan in the amount of $138,750.00 from Defendant American Equity Mortgage, Inc. on June 18, 2004. To secure the loan, Plaintiffs granted American Equity a mortgage (the Mortgage) on their real property located at 6793 136th Street, Sand Lake, Michigan (the Property). (Dkt. # 19-1.) On July 6, 2004, the Mortgage was recorded in the Newaygo County Register of Deeds at Liber 408, Page 3938. (*Id.*) On September 9, 2011, American Equity assigned the Mortgage to Deutsche Bank National Trust Company (Deutsche Bank), as Trustee on behalf of the certificateholders of Morgan Stanley ABS Capital I, Inc. Trust 2004-NC8 for Mortgage Pass Through Certificates, Series 2004-NC8. (Dkt. # 19-2.) The Assignment was recorded in the Newaygo County Register of Deeds on September 23, 2011, at Liber 443, Page 6734. (*Id.*)

In 2009, Plaintiffs defaulted on the loan as a result of nonpayment, and Deutsche Bank initiated a nonjudicial foreclosure proceeding. A sheriff's sale was held on September 4, 2012, at which Deutsche Bank purchased the Property for $186,778.41 and received a Sheriff's Deed. (Dkt.

---

[2] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts may consider various documents without converting the motion to a motion for summary judgment. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

2

# 19-3.) The Sheriff's Deed was recorded in the Newaygo County Register of Deeds on September 18, 2012 at Liber 447, Page 5732. (*Id.*) The redemption period expired on March 4, 2013, but Plaintiffs did not redeem the Property.

## II. DISCUSSION[3]

Plaintiffs purport to allege nine claims, as follows: (1) Declaratory Judgment based upon Defendants' Admission of No Right to Enforce the McCarthy Note for Payment nor Execute a Non-Judicial Foreclosure Under any Test within the Michigan UCC; (2) McCarthy Promissory Note & Mortgage Illegally Transferred by Defendants to REMIC during Securitization Process to Preclude Deutsche Bank National Trust Company, as Trustee 7 MSAC 2004-NC8 Trust from Executing a Non-Judicial Foreclosure as Set Forth by § 600.3201 *et seq.*; (3) Without a Perfected Security Interest in the Property, Defendants Fail to Comply with the Statutory Requirements of a Non-Judicial Foreclosure by Advertisement Procedure as Set Forth in MCL § 600.3204(1)(d); (4) Plaintiffs Entitled to Surplus of Sheriff Sale; (5) Declaratory Judgment/Wrongful Foreclosure; (6) Complaint to Quiet Title; (7) Complaint for Money Damages on the Tort of Slander of Title by Document Recordings; (8) Defendants' Violation of MCL 440.9109(1)(c) Failure to Cancel and Deliver the Original Promissory Note; and (9) unspecified Additional Counts. All of these claims lack merit.

Because the redemption period has expired, the foreclosure may be set aside only if Plaintiffs make a clear showing of fraud or irregularity. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (per curiam) (citing *Schulthies v. Barron*, 16 Mich. App. 246, 247–48, 167 N.W.2d 784, 785 (1969) (per curiam)). The fraud or irregularity must be present in the foreclosure process itself. *Williams v. Pledged Prop. II, LLC*, 508

---

[3]The Court need not recite the well-known standard for Rule 12(b)(6) motions.

F. App'x 465, 468 (6th Cir. 2012). Thus, to upset the foreclosure once the redemption period has expired "would require a strong case of fraud or irregularity, or some peculiar exigency." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Aqozzino*, 280 Mich. 402, 405–06, 273 N.W. 747, 748 (1937) and *Calaveras Timber Co. v. Mich. Trust Co.*, 278 Mich. 445, 450, 270 N.W. 743, 745 (1936)); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) (observing that "in the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict . . . requirements" of the foreclosure statute).

Plaintiffs fail to allege the requisite fraud or irregularity in the foreclosure process. To the extent Plaintiffs challenge the Assignment, they lack standing to do so unless they would be exposed to some risk of double payment on the obligation. *See Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010). Plaintiffs allege no reason why they would be subject to double liability on the underlying obligation. Plaintiffs' claim that splitting the note and mortgage resulted in a defect in the foreclosure process also lacks merit. *See Residential Funding Co. v. Saurman*, 490 Mich. 909, 910, 805 N.W.2d 183, 184 (2011) ("It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. . . . The choice of a mortgagee is a matter of convenience.") (internal quotation marks omitted); *Kemp v. Resurgent Capital Servs.*, No. 13-11794, 2013 WL 5707797, at *5 (E.D. Mich. Oct. 21, 2013) (stating that "Kemp's 'note-splitting' theory fails to state a plausible claim for relief"). Similarly, Plaintiffs' assertion that Deutsche Bank lacked standing to foreclose because of alleged defects in the securitization process or because securitization somehow invalidated the Assignment also lack merit. *See Khoshiko v. Deutsche Bank Trust Co. Americas*, No. 12-CV-14717,

4

2013 WL 5346400, at *4 (E.D. Mich. Sept. 23, 2013) (noting that "the Michigan courts have rejected arguments asserting that the mortgagee of record cannot foreclose because of 'securitization' or 'lack of capacity'"); *Mitchell v. Mortg. Elec. Registration Sys., Inc.*, No. 1:11-cv-425, 2012 WL 1094671, at *3 (W.D. Mich. Mar. 30, 2012) ("Plaintiff's theory regarding 'securitization' has been rejected as a basis for invalidating a MERS assignment."). Finally, Plaintiffs claim that Deutsche Bank violated Michigan's Uniform Commercial Code (UCC) in connection with the foreclosure fail because the UCC does not apply to mortgage foreclosures. *See Berry v. Main Street Bank*, No. 13-13280, 2013 WL 5651440, at *5 (E.D. Mich. Oct. 15, 2013) (citing numerous Michigan cases holding that the UCC does not apply to mortgage foreclosures).

Even if Plaintiffs could show fraud or irregularity, they still must allege prejudice resulting from noncompliance with the foreclosure requirements. *Kim v. JPMorgan Chase Bank, N.A.*, 439 Mich. 98, 115, 825 N.W.2d 329, 337 (2012). Specifically, a plaintiff "must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Id.* at 115–16, 825 N.W.2d at 337. Plaintiffs fail to allege how, absent the alleged violations, they would have been in a better position to preserve their interest in the Property.

Plaintiffs fail to state a claim for quiet title because such a claim is a remedy, not a separate cause of action. *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013). Moreover, Plaintiffs' allegations fail to show that Plaintiffs' interest in the Property was superior to Deutsche Bank's interest as mortgagee, especially in light of Plaintiffs' admitted default under the note and mortgage. *See Starkey v. U.S. Bank Nat'l Ass'n*, No. 13-13786, at *4 (E. D. Mich. Jan. 13, 2014) (holding that the plaintiff's failure to make timely payments under the note and mortgage weighed against quieting title to the plaintiff).

5

In Count IV, Plaintiffs allege that they are entitled to receive all of the proceeds of the sheriff's sale as a result of securitization of the note because Deutsche Bank has been paid twice—they claim it received money from the investors and the amount bid at the sheriff's sale. As Defendant notes, this argument lacks merit. Plaintiffs borrowed money secured by the Mortgage and never repaid it. *See Marrocco v. Chase Bank, N.A.*, No. 12-10605, 2012 WL 3061031, at *3 (E.D. Mich. July 26, 2012) ("Where a party obtains money in exchange for a note and mortgage but fails to repay the debt, he cannot seek judicial assistance in avoiding his contractual obligations."). Thus, Plaintiffs' argument that Deutsche Bank is "double dip[ping]" is frivolous.

Finally, Plaintiffs' claim for slander of title fails to state a claim. A slander of title claim requires a plaintiff to prove that the defendant maliciously published false matter disparaging the plaintiff's title. *GKC Mich. Theaters, Inc. v. Grand Mall*, 222 Mich. App. 294, 301, 564 N.W.2d 117, 119–20 (1997). Because the foreclosure was valid, Plaintiffs cannot show that Defendants published a false statement in following the procedures for a foreclosure by advertisement. M.C.L. § 600.3212.

### III. Conclusion

For the foregoing reasons, the Court will grant Defendants' motion to dismiss and dismiss the complaint with prejudice.

An Order consistent with this Opinion will be entered.

Dated: January 21, 2014
                                                           /s/ Gordon J. Quist
                                                           GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE